# In the United States Court of Federal Claims
(Pro Se)

|  |  |  |
|---|---|---|
| ROWLAND J. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-1987C |
| v. | ) | (Filed: March 15, 2022) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Rowland J. Martin*, Pro Se, San Antonio, TX.

*Joshua A. Mandlebaum*, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were *Eric P. Bruskin*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

The pro se Plaintiff in this case, Rowland Martin, filed a complaint in the above-captioned case alleging that he is entitled to damages following a decision from the United States Court of Appeals for the Fifth Circuit vacating the district court's order granting a request that he pay attorney's fees to opposing counsel. For the reasons set forth below, the Court lacks subject-matter jurisdiction over any of Mr. Martin's claims, regardless of how they are construed. Accordingly, the government's motion to dismiss his complaint will be **GRANTED** and his complaint must be **DISMISSED**.

## BACKGROUND[1]

**I.**   **Proceedings in the United States District Court for the Western District of Texas and United States Court of Appeals for the Fifth Circuit**

In 2005, Mr. Martin filed for protection under Chapter 13 of the United States Bankruptcy Code, and listed among his assets property at 1216 West Avenue in San Antonio, Texas, which was subject to several liens. Martin v. Grehn, 546 F. App'x 415, 417 (5th Cir. 2013). A law firm to which Mr. Martin owed legal fees held one of these liens, and in 2006 paid the lien it held on the property and claimed title, foreclosing on the property in October of that year. Id. Four years later, Mr. Martin brought an unsuccessful action in federal district court seeking to recover the property, naming one of the attorneys at the law firm (and the law firm itself) as defendants. Id. at 418.

In subsequent litigation in the United States District Court for the Western District of Texas concerning a lis pendens lien Mr. Martin had filed with respect to the property, opposing counsel filed a motion for sanctions. See Martin v. Bravenec, 627 F. App'x 310, 311–12 (5th Cir. 2015). The district court, "[w]ithout holding a hearing or ordering a response from [Mr.] Martin," sanctioned Mr. Martin and ordered him to pay attorney's fees. Id. at 312. On appeal, the Fifth Circuit reversed the award of attorney's fees after concluding that the district court had abused its discretion in ordering the sanctions and had failed to afford due process to Mr. Martin. Id. at 313; see also Compl. ¶¶ 1, 8, 17.

**II.**   **This Action**

Mr. Martin filed the instant suit in the Court of Federal Claims on October 21, 2021, asserting that he is entitled to monetary damages in light of the district court's vacated sanction order and the Fifth Circuit's determination that his due process rights were violated, claiming that this violation was committed by both the district court and the opposing party in that case. See Compl., ¶¶ 1–3, 8, 10, 13, 17, 21, 34, 36. In support of his claims, he invokes state and federal law and a number of federal constitutional provisions, as well as challenging the decisions of the district court and Fifth Circuit themselves, alleging breach of an unspecified contract, and requesting that the Court appoint a special master. See generally Compl. ¶¶ 6, 36–38, 41, 44, 48, 50, 56–57, 58–61.

The government filed a motion to dismiss Mr. Martin's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). See Def.'s Mot. to Dismiss ("Def.'s Mot"), ECF No. 6. Plaintiff filed a response and cross-motion as well as a

---

[1] These facts are based on allegations in Plaintiff's complaint and attached exhibit, which the Court accepts as true solely for purposes of ruling on the pending motion to dismiss. For purposes of background, the Court also includes jurisdictional facts drawn from the government's motion. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (explaining that the Court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction).

motion to stay dismissal proceedings, Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), ECF No. 7, and later a supplement to his response, Pl.'s Suppl. to Pl.'s Resp. ("Pl.'s Suppl. Resp."), ECF No. 9.[2]

## DISCUSSION

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may "inquire into jurisdictional facts" to determine whether it has jurisdiction, Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991), and may consider all pleadings as well as matters of which it may take judicial notice, see Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)). The plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Further, though it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (explaining that a plaintiff must identify a "money-mandating" source of law) (en banc in relevant part)). Further, the Tucker Act does not confer jurisdiction over claims against any entity other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) (explaining that claims against parties other than the United States are not within the court's Tucker Act jurisdiction); see also Jaye v. United States, 781 F. App'x 994, 998 (Fed. Cir. 2019) ("It is well established that the Court of Federal Claims only has jurisdiction to hear claims against the United States.").

In this case, Mr. Martin has not established that the Court has jurisdiction over any of the claims in his complaint.

---

[2] On February 25, 2022, the Clerk docketed five additional documents Plaintiff had filed on February 23, 2022, including three motions. See ECF No. 13 (Plaintiff's RCFC 12(f) motion to strike the government's motion to dismiss); ECF No. 14 (Plaintiff's RCFC 15(a) motion for leave to amend his complaint); ECF No. 15 (Plaintiff's amended motion for a "stay of dismissal proceedings"). On March 4, 2022, the Court granted the government's motion to stay the deadline for it to respond to these additional motions pending the Court's resolution of the government's motion to dismiss. In light of the Court's determination that it lacks subject-matter jurisdiction over any of Mr. Martin's claims, the Court now denies those motions as moot.

First, this Court lacks jurisdiction over claims asserted against any entities other than the United States, and therefore his allegations as to the private individuals named in his complaint are outside the Court's jurisdiction and must be dismissed. See Compl. ¶¶ 13–16, 22-26, 34, 42.[3]

This Court is also without authority to review the actions of the federal district or appeals courts. Earl v. United States, 787 F. App'x 751, 752 (Fed. Cir. 2019); see also Barth v. United States, 76 F. App'x 944, 945–46 (Fed. Cir. 2003) (stating that "to scrutinize the actions of coordinate federal courts" is "beyond the Court of Federal Claims' jurisdiction"). To the extent that Mr. Martin seeks to challenge the decision of the district court and the review thereof by the Fifth Circuit, this Court lacks jurisdiction over his claims. See, e.g., Compl. ¶ 34 (alleging a "public right of action against the United States for monetary damages to redress injuries to federal protected rights that were proximately caused by the [district court]"); id. ¶ 36 (alleging a breach of the "duty of care under Article III to avoid wrongful adjudications in violation of [his] constitutional rights" caused by the now-vacated order). This Court also lacks the authority to grant declaratory relief which is not "incident of and collateral to" a money judgment. See Bobula v. Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992); Compl. ¶ 34 (seeking "declaratory relief to redress injuries due to fraudulent transfers" caused by private individual); see also id. ¶ 46–48.

Further, in asserting that the actions of the district judge who presided over his claims breached some duty of care owed to him and committed offenses "of a criminal nature," Compl. ¶ 37, including violations of the Texas Penal Code, Compl. ¶¶ 38–41, Mr. Martin appears to allege tortious and criminal conduct, see also, e.g., id. ¶¶ 21–27, 34; id. ¶ 36 (accusing the district court judge who presided over the proceedings of "high crimes and apparent misdemeanors," "degrading and oppressive acts," and "persecution"). This Court, however, does not have jurisdiction over claims sounding in tort, see 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort"), nor does it have jurisdiction over criminal matters, Sanders v. United States, 252 F.3d 1329, 1336 (Fed. Cir. 2001) (observing that "the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not" the Court of Federal Claims (quoting Kania v. United States, 650 F.2d 458, 465–66 (Ct. Cl. 1981), cert. denied, 454 U.S. 895 (1981))). This Court, moreover, does not have jurisdiction over claims against federal judges. Joshua v. United States, 17 F.3d 378, 379–80 (Fed. Cir. 1994) (explaining that dismissal of allegations of tort and criminal violations on the part of judicial officials is "so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists"); see also Coleman v. United States, 116 Fed. Cl.

---

[3] Mr. Martin alleges that the private individual with whom he has repeatedly been engaged in litigation in the Fifth Circuit is "an officer of the [district] court" and is therefore implicated in the alleged violation of his constitutional rights. See Compl. ¶¶ 13–14, 22, 34, 42; id. ¶ 25 (alleging that this individual acted "jointly and severally under color of the [district] Court order"). Even so construed, however, the Court lacks jurisdiction over his claims because it cannot hear claims against individual federal officials. See Sherwood, 312 U.S. at 588; Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

461, 470–71 (2014) (observing that "the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims" and that, further, federal "[j]udges enjoy immunity from suit for activities performed in their official judicial capacity" (citing Mireles v. Waco, 502 U.S. 9, 11–13 (1991))).

Nor does the Court have jurisdiction over Mr. Martin's claims based on the First, Fourth, Tenth, and Thirteenth Amendments to the United States Constitution. See, e.g., Compl. ¶ 6 (asserting violations of "the First, Fourth, Fifth, Tenth and Thirteenth Amendments"); id. ¶ 36–37 (asserting the "violation of [his] constitutional rights that the Fifth Circuit vacated by its 2015 decree"); id. ¶ 56 (seeking compensation to "vindicate First Amendment interests"). None of these constitutional provisions mandate the payment of money damages. United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment . . . cannot be . . . interpreted to command the payment of money."); Brown, 105 F.3d at 623 (explaining that "the Fourth Amendment does not mandate the payment of money for its violation"); Patterson v. United States, 218 F. App'x 987, 988 (Fed. Cir. 2007) (explaining that "a claim for monetary damages against the United States cannot be based on the First [or] Tenth Amendments"); Carter v. United States, 228 Ct. Cl. 898, 900 (1981) (observing that the Thirteenth Amendment "do[es] not grant a right to the payment of money").

Neither can the Court exercise jurisdiction over Mr. Martin's claims pursuant to the Fifth Amendment. The due process clause of that Amendment "do[es] not mandate payment of money by the government," LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995), and, to the extent that Mr. Martin attempts to assert a takings claim pursuant to the Fifth Amendment, he has failed to allege that a protectible property interest has been taken (the sanction order was vacated before any money was paid, which in any event would have been paid to a private party), and has not conceded that the challenged government action was valid, as would be required for this Court to have jurisdiction over such a claim, Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802–03 (Fed. Cir. 1993). Mr. Martin's claims grounded on constitutional rights must therefore be dismissed for lack of subject-matter jurisdiction.

Mr. Martin also invokes several civil rights statutes to support his claims. See Compl. ¶ 6 (alleging violations of 42 U.S.C. §§ 1981, 1982, 1985, 1988); id. ¶¶ 36–38, 50–51. It is well established, however, that none of these statutes are money mandating. See, e.g., May v. United States, 534 F. App'x 930, 933 (Fed. Cir. 2013) (holding that a plaintiff "cannot sue in the Claims Court under 42 U.S.C. §§ 1981 or 1982" because "[n]othing in those provisions is fairly read to impose a money-mandating obligation on the United States, or at least not one enforceable under the Tucker Act"); 28 U.S.C. § 1343(a)(1) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages for . . . the deprivation of any right or privilege of a citizen of the United States," or "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights . . . "); Allen v. United States, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022) (observing that "Congress has expressly committed jurisdiction over claims brought under civil rights statutes, like 42 U.S.C. § 1981 et seq., to the United States district courts"); Drake v. United States, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only

when injury occurs under state law."). His claims under these provisions must therefore be dismissed.

Mr. Martin also cites 47 U.S.C. § 151, the statute which established the Federal Communications Commission ("FCC"), Compl. ¶ 6, 29–33, and alleges a breach of contract claim pursuant to a license he allegedly was issued by that agency, id. ¶ 56. "The Communications Act," however, "specifically provides for judicial review of FCC decisions in 47 U.S.C. § 402," which explains that exclusive jurisdiction for review of all FCC orders and decisions is vested either in the courts of appeals or the District of Columbia Circuit. Sandwich Isles Commc'ns, Inc. v. United States, 992 F.3d 1355, 1362 (Fed. Cir. 2021) (explaining that all challenges "to enjoin, set aside, annul, or suspend any order of the Commission under this chapter" must be brought under 28 U.S.C. § 2342); see also 28 U.S.C. § 2342(1) (providing that "[t]he court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all final orders of the [FCC]"). This Court therefore lacks jurisdiction over claims concerning that agency. See also 47 U.S.C. § 402(a)–(b); Folden v. United States, 379 F.3d 1344, 1355–58 (Fed. Cir. 2004) (noting that there is no concurrent jurisdiction with the Court of Federal Claims and noting that "the Supreme Court has ruled that the statutory jurisdiction of the courts of appeals over claims that fall within the scope of subsection 402(a) is exclusive" (citing Fed. Comm. Comm's v. ITT World Comms., Inc., 466 U.S. 463, 468 (1984))).[4]

Similarly unavailing are Mr. Martin's passing references to Article I of the United States Constitution, Compl. ¶ 6 (referring to a "right of action authorized in Article I of the Constitution"), and unspecified treaties and practices, id. (asserting violations of "jus cogens norms of judicial and governmental conduct which are variously embodied in pertinent treaty covenants, reservations and understandings thereto, and related practices constituting the customary international law of human rights and the law of nations"). Mr. Martin does not identify a money-mandating source of law in any of these provisions, and the Court therefore cannot exercise jurisdiction over any claims made under those provisions.

Mr. Martin's claim for breach of a contract based on the Constitution, Compl. ¶ 52 (alleging breach of an implied contract apparently based on Article III of the United States Constitution); id. ¶ 53–57 (seeking compensatory and nominal damages), does not supply this Court with jurisdiction. For one, Mr. Martin does not identify any money-mandating provision in Article I as the basis for his claim, and, moreover, "the Constitution cannot be considered an express or implied-in-fact contract concerning which a breach action may be maintained in [the Court of Federal Claims]." Griffith v. United States, No. 14-793C, 2015 WL 430285, at *3 (Fed. Cl. Jan. 30, 2015) (citing Taylor v. United States, 113 Fed. Cl. 171, 173 (2013)).

---

[4] To the extent that Mr. Martin alleges that a license issued to him from the FCC provides the basis for him to invoke the jurisdiction afforded this Court over contracts with the United States by the Tucker Act, "47 U.S.C. § 402(b)(5) provides that appeals of FCC decisions may be taken to the D.C. Circuit '[b]y the holder of any . . . station license which has been modified or revoked by the Commission'" and that "[t]he D.C. Circuit's jurisdiction over claims that fall within this subsection is exclusive." Alpine PCS, Inc. v. United States, 128 Fed. Cl. 303, 308 (2016) (citing 47 U.S.C. § 402(b)(5)).

In his response to the government's motion to dismiss and in subsequently filed motions, Mr. Martin also alleges an illegal exaction claim. See Pl.'s Resp. at 1 n.1, 6–7; Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss and in Support of Pl.'s Immunities and Objs. at 7, 9, 12–17, 29–30 (citing Aerolineas Argentinas v. United States, 77 F.3d 1564 (Fed. Cir. 1996); Brooke v. United States, 2 Ct. Cl. 180 (1866)); Pl.'s Suppl. Resp. at 2. He has not, however, alleged that money "was improperly paid, exacted, or taken from [him] in contravention of the Constitution, a statute, or a regulation" as required for the Court to exercise jurisdiction over his claim. Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007 (Ct. Cl. 1967). Because he does not so allege (and the Court fails to see how he could, in light of the Fifth Circuit's order vacating the sanctions order and the fact that no money was ever paid), this claim must also be dismissed.

Finally, Mr. Martin requests that the Court appoint a Special Master. Compl. ¶ 58–61 (citing 42 U.S.C. § 1981, 47 U.S.C. § 151, Fed. R. Civ. P. 53). RCFC 53 permits the chief judge of the Court of Federal Claims to "appoint a master only to perform duties consented to by the parties" or "hold trial proceedings and make or recommend findings of fact if appointment is warranted by [either] some exceptional condition [or] the need to perform an accounting or resolve a difficult computation of damages." RCFC 53(a)(1). Mr. Martin has not explained what "exceptional condition" would require the appointment of a master, nor alleged any claims over which this Court has jurisdiction. This request must therefore be denied.[5]

## CONCLUSION

For the reasons set forth herein, the Court lacks jurisdiction over any of Mr. Martin's claims. Accordingly, the government's motion to dismiss his complaint for lack of subject-matter jurisdiction, ECF No. 6, is **GRANTED**, and Plaintiff's complaint is **DISMISSED without prejudice**. Mr. Martin's motion to stay dismissal proceedings, ECF No. 7, is **DENIED as moot**.

Mr. Martin's motion to strike the government's arguments pursuant to RCFC 12(f), ECF No. 13, motion to amend his complaint pursuant to RCFC 15(a), ECF No. 14, and his amended motion to stay dismissal proceedings, ECF No. 15, are all **DENIED as moot**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

---

[5] Mr. Martin raises several new claims and issues in his response to the government's motion to dismiss and in the several motions for various relief he has filed in this case. See generally Pl.'s Resp.; ECF Nos. 13–15. "It is axiomatic," however, "that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 166–67 (2009) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge