# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| ROWLAND J. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-1987C |
| v. | ) | (Filed: April 18, 2022) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Rowland J. Martin, Pro Se, San Antonio, TX.

Joshua A. Mandlebaum, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were Eric P. Bruskin, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

On October 4, 2021, Rowland Martin, proceeding pro se, filed a complaint in the above-captioned case alleging that he was entitled to damages following a decision from the United States Court of Appeals for the Fifth Circuit vacating a district court order granting a request that he pay attorney's fees to opposing counsel. See Compl., ECF No. 1; see also Martin v. Bravenec, 627 F. App'x 310, 311–13 (5th Cir. 2015) (reversing an award of attorney's fees after concluding that the district court had abused its discretion in ordering the sanctions and had failed to afford due process to Mr. Martin). On March 15, 2022, the Court granted the government's motion to dismiss the complaint, Def.'s Mot. to Dismiss Pro Se Compl., ECF No. 6, explaining that it lacked subject-matter jurisdiction over any of Mr. Martin's claims, see Op. and Order, ECF No. 19.

In light of the Court's power to hear cases only against the federal government, it explained, it was obligated to dismiss Mr. Martin's claims as to private individuals and individual federal officials. Op. and Order at 4 (citing Compl. ¶¶ 13–16, 22–26, 34, 42). Further, the Court explained, it is without authority to review the actions of the federal district or appeals courts, id. at 4; to consider allegations of tortious or criminal conduct, id.; to hear claims based on the First, Fourth, Tenth, or Thirteenth Amendments to the United States Constitution, id. at 5, the Fifth Amendment's due process clause, id., or civil rights statutes, id.; to review decisions of

the Federal Communications Commission, id. at 6; to consider a breach-of-contract claim based on the Constitution, id.; to consider Fifth Amendment takings claims absent allegations that a protectible property interest has been taken, id. at 5, or illegal exaction claims absent any allegations of money "improperly paid, exacted, or taken," id. at 7. It therefore dismissed Mr. Martin's complaint in its entirety. Id.

On April 12, 2022, Mr. Martin filed a motion for leave to file an amended complaint and for a new trial, or for modification of the Court's judgment. Pl.'s Mot. for Leave to File Am. Compl. and for New Trial or for Modification of the Court's J. ("Pl.'s Mot."), ECF No. 21. Specifically, he "requests leave to file an amended complaint for review pursuant to the Court's authority to judicially notice adjudicative facts supporting new claims and issues in a freestanding suit . . . to collaterally enforce the Fifth Circuit's vacatur decision as the law of the case for his investment backed expectations." Id. at 5–6. In support of his motion, Mr. Martin cites Rules 15 and 59 of the Rules of the United States Court of Federal Claims ("RCFC"). See generally id. at 1–2.

## DISCUSSION

### I.      Motion to Amend Under RCFC 15(b)(2)

Pursuant to RCFC 15, a party may move at any time—including after the entry of judgment—to amend the pleadings to incorporate an issue that was "tried by the parties' express or implied consent." RCFC 15(b)(2).[1] "It is well established that the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court." Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989). Although leave to amend should, in general, be liberally granted, see RCFC 15(a), the Court is justified in denying such a request when the amendment would be futile, Mitsui Foods, Inc., 867 F.2d at 1403–04; see also Stueve Bros. Farms, LLC v. United States, 107 Fed. Cl. 469, 476 (2012) (discussing various standards for a post-judgment motion to amend) aff'd 737 F.3d 750 (Fed. Cir. 2013). A post-judgment motion to amend will be deemed futile if the proposed amended complaint fails to state a claim upon which relief may be granted. Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V., 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).

Further, the purpose of RCFC 15(b) is to enable the pleadings to conform to issues "actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record." Grand Light & Supply Co. v. Honeywell, Inc., 771 F.2d 672, 680 (2d Cir.1985) (citing Browning Debenture Holders' Comm. v. DASA Corp., 560 F.2d 1078, 1086 (2d Cir. 1977)).[2] The application of RCFC 15(b)(2) is therefore "limited to issues which

---

[1] RCFC 15(b)(2) provides that, "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings," and that "[a] party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue."

[2] RCFC 15(b) mirrors Fed. R. Civ. P. 15(b), and the Court therefore relies on cases interpreting Fed. R. Civ. P. 15(b) in applying RCFC 15(b).

were actually tried by express or implied consent of the parties, so as to prevent prejudice to the opposing party and permit an opportunity to defend all new claims." Lanningham v. United States, 5 Cl. Ct. 146, 156 (1984) (noting that "an absolute minimum requirement before Rule 15(b) can be invoked after trial has been that evidence must have been introduced at trial pertaining to the factual issue(s) implicit in the new claim"); see also CR/ZWS LLC v. United States, 138 Fed. Cl. 212, 224 n.8 (2018) (treating allegations as if raised in the pleadings where "the parties ha[d] fully briefed the[] issues in their cross-motions for judgment on the administrative record" (citing Elmore v. Corcoran, 913 F.2d 170, 172 (4th Cir. 1990), Pac. Gas & Elec. Co. v. United States, 70 Fed. Cl. 758, 763 n.6, 765 (2006), Tenn. Valley Auth. v. United States, 69 Fed. Cl. 515, 523–24 (2006))).

There has been no trial on any issues in this case, and neither have the parties presented evidence on any of the issues as to which Mr. Martin now seeks leave to amend his complaint.[3] RCFC 15(b)(2) therefore affords Mr. Martin no basis for amendment, and his motion on that ground will be denied.

## II.      Motion for New Trial or to Alter or Amend the Judgment Under RCFC 59

Under RCFC 59(a)(1), the Court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)); see also Maehr v. United States, 767 F. App'x 914, 916 (Fed. Cir. 2019); CBS Corp. v. United States, 75 Fed. Cl. 498, 501 (2007) (noting that, "ordinarily," a moving party "must show either that an intervening change in controlling law has occurred, evidence not previously available has become available, or that [granting] the motion is necessary to prevent manifest injustice") (quotation omitted)). Likewise, the Court "may, on motion under [RCFC 59], open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." RCFC 59(a)(2). Whether to grant reconsideration lies within the sound discretion of the court. See Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

---

[3] The Court's prior Opinion explained that it was accepting the facts alleged in Plaintiff's complaint and attached exhibit "as true solely for purposes of ruling on the pending motion to dismiss." Op. and Order at 2 n.1. It also took judicial notice of the proceedings before the Fifth Circuit. Id. at 2. "It is proper to take judicial notice of a decision from another court or agency at any stage of the proceeding," Function Media, L.L.C. v. Google, Inc., 708 F.3d 1310, 1316 n.4 (Fed. Cir. 2013); see also Advanced Software Design Corp. v. Fed. Reserve Bank, 583 F.3d 1371, 1379 n.3 (Fed. Cir. 2009); Grp. One Ltd. v. Hallmark Cards, Inc., 407 F.3d 1297, 1306 (Fed. Cir. 2005) (emphasizing that judicial notice may be taken at any stage of a proceeding), and, moreover, "courts may consider public records when resolving a motion to dismiss," Jarvis v. United States, No. 2022-1006, 2022 WL 1009728, at *3 (Fed. Cir. Apr. 5, 2022) (citing Dimare Fresh, Inc. v. United States, 808 F.3d 1301, 1306 (Fed. Cir. 2015); Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985)).

The standard for reconsideration is a high one, and a court may not grant the motion unless the moving party has made "a showing of extraordinary circumstances which justify relief." <u>Biery</u>, 818 F.3d at 711 (quoting <u>Caldwell v. United States</u>, 391 F.3d 1226, 1235 (Fed. Cir. 2004)), <u>cert. denied</u>, 137 S. Ct. 389 (Mem.) (2016). Reconsideration is "not intended to allow a party to reassert arguments that the Court already has considered," <u>Four Rivers Invs., Inc. v. United States</u>, 78 Fed. Cl. 662, 664 (2007) (citations omitted), and a movant generally must demonstrate that the Court has committed a "manifest error of law[ ] or mistake of fact," <u>Johnson v. United States</u>, 126 Fed. Cl. 558, 560 (2016) (quoting <u>Bishop v. United States</u>, 26 Cl. Ct. 281, 286 (1992))

Mr. Martin's motion does not meet this high bar. He makes no attempt to allege an intervening change in the controlling law or point to newly discovered evidence within the meaning of the Rule, nor has he demonstrated that extraordinary circumstances exist such that reconsideration is necessary to prevent manifest injustice.

To the contrary, much of Mr. Martin's motion reiterates the same allegations raised in his original complaint and over which the Court has no jurisdiction. For example, Mr. Martin repeatedly alludes to what he describes as an illegal exaction claim. <u>See, e.g.</u>, Pl.'s Mot. at 3 (alleging that his "new claims and issues hold that the due process clause is a money mandating law when an illegal exaction claim is the theory of recovery, and that a loss of property may also substantiate an illegal exaction claim"); <u>id.</u> at 5 (arguing that the Fifth Circuit's order "may be reviewable as a putative illegal exaction pursuant to the due process clause"). However, as the Court previously pointed out, because Mr. Martin has not "alleged that money 'was improperly paid, exacted, or taken from [him] in contravention of the Constitution, a statute, or a regulation,'" the Court lacks jurisdiction over this claim. Op. and Order at 7 (citing <u>Eastport S.S. Corp. v. United States</u>, 372 F.2d 1002, 1007 (Ct. Cl. 1967)). The Court also previously noted that, in any event, no such allegation appeared to be plausible, in light of the Fifth Circuit's order vacating the sanctions, and the fact that no money was ever paid. <u>Id.</u>

The motion also repeats already-rejected claims based on the Due Process Clause of the Fifth Amendment. <u>See</u> Pl.'s Mot. at 6 (alleging "a due process violation" and asserting "that a freestanding suit is the proper vehicle for that claim"). As the Court previously explained, this provision of the Fifth Amendment "do[es] not mandate payment of money by the government." Op. and Order at 5 (quoting <u>LeBlanc v. United States</u>, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). The motion also seeks a narrowed "application of the rule against review of other courts' decisions," Pl.'s Mot. at 5, despite the fact that the Court has already explained that "to scrutinize the actions of coordinate federal courts" is "beyond the Court of Federal Claims' jurisdiction." Op. and Order at 4 (quoting <u>Barth v. United States</u>, 76 F. App'x 944, 945–46 (Fed. Cir. 2003).

Mr. Martin also reiterates his Fifth Amendment takings claim. Pl.'s Mot. at 6 (alleging that were the Court to take judicial notice of the Fifth Circuit's order vacating an award of attorney's fees against him, he would be entitled to pursue "a cause of action for a judicial taking of property").

As in his prior pleadings, however, Mr. Martin fails to allege that a protectible property interest has been taken. He appears to allege, as in his original complaint, that he is entitled to

4

restitution for harm caused by the now-vacated sanction order or other proceedings before the District Court, stating that "the Fifth Circuit's vacatur decision attests to the adjudicative fact that one of the 'lis pendens lien[s] Mr. Martin had filed with respect to the property' embodied a protected property interest in purchase money lien rights," i.e., the subject of the litigation in the United States District Court for the Western District of Texas. Pl.'s Mot. at 4; see also id. at 6 (alleging entitlement "to collaterally enforce the Fifth Circuit's vacatur decision as the law of the case for his investment backed expectations"). These allegations still do not point to any protectible property interest taken. Nor does Mr. Martin attempt to allege the existence of any bases for reconsideration, merely repeating—as in prior pleadings—the history of that litigation.

Mr. Martin also appears to conflate a Fifth Amendment takings claim with vague illegal exaction allegations, as well as references to the First Amendment's protection of free speech against prior restraints. See, e.g., Pl.'s Mot. at 1 ("This is a Fifth Amendment judicial prior restraint case . . . ."); id. at 3 (referring to the nonexistent "Fifth Amendment right to freedom from prior restraints"); id. at 9 (seeking recompense "to account for the exceptional conditions that caused harm to his investment-backed expectations, and to notice that this is a case of judicial prior restraints that clearly involves 'costs of government policies that the government, not individuals, should pay'" (citing Renée Burbank, Illegal Exactions, 87 Tenn. L. Rev. 315, 365 (2020))); id. at 10 (stating that this "Fifth Amendment case is augmented by Free Speech and Equal Protection Principles that supply the Court with an independent jurisdictional basis under which '[a]ny system of prior restraints of expression comes to [the federal courts] bearing a heavy presumption against its constitutional validity'" (quoting New York Times Co. v. United States, 403 U.S. 713 (1971))). The Court has already rejected Mr. Martin's claim for compensation to vindicate his First Amendment interests, in light of the fact that "the [F]irst [A]mendment . . . cannot be . . . interpreted to command the payment of money." Op. and Order at 5 (quoting United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983)). To the extent that Mr. Martin attempts to argue, as he has previously, that the actions of the United States District Court for the Western District of Texas or the Fifth Circuit impaired some compensable property interest, there is no basis for the Court to consider his claims. Pl.'s Mot. at 10–11 n.5 (asserting that United States v. Carroll Towing Co. 159 F.2d 169 (2d Cir. 1947), "provides an augmentative framework for corroborating Tucker Act liability" because "the Court may evaluate the government's duty to prevent injuries to property from prior restraints," and that "the government failed to meet its burden of taking precautions to avoid injury to communications-related investment backed expectation, and that burden was less costly than the costs of an irreparable injury to the public interest in fundamental freedom prior restraints").

The Court has attempted to parse the balance of Mr. Martin's  motion—which is laced with legal jargon, citations to inapposite cases, and nonsensical statements of law—and concluded that it contains no basis for reconsideration of the Court's prior Opinion. See, e.g., Pl.'s Mot. at 7 (stating that "the Fifth Circuit's transactional test directly corroborates the reasoning of the Stop The Beach Court that freestanding suit status is properly attributable in a case where the earlier court had no opportunity to review any Tucker Act subject matter and where parties to the private litigation are not joined"); id. at. 10 (stating that "Plaintiff anticipates reliance on a multi-factor theory of recovery for his amended complaint based on evidence that the chilling effects and freezing effects of the district court's gag order system diluted investment backed expectations that involved protected expressive conduct").

In short, Plaintiff has not established the existence of any grounds for reconsidering the Court's March 15, 2022 Opinion, and his motion, ECF No. 21, is therefore **DENIED**.

        **IT IS SO ORDERED.**

                                            s/ Elaine D. Kaplan
                                            ELAINE D. KAPLAN
                                            Chief Judge